DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a summary judgment issued by the Lucas County Court of Common Pleas which denied appellants' uninsured/underinsured motorist ("UM/UIM") claims. Because we conclude that summary judgment was properly granted, we affirm the trial court.
 {¶ 2} On June 21, 1998, Bonnie S. Metz and her son, Scott, were passengers in an automobile owned and driven by Daniel P. Britner. The Metzes were injured when Britner's car was hit by a vehicle driven by Tice Marshall. In June 2000, Bonnie Metz, her husband, Bill, and son, Scott, sued both Marshall's and Britner's auto insurance company, Nationwide Insurance. Marshall failed to appear or defend the suit and the court granted default judgment against him.
 {¶ 3} Over three years after the accident, in July 2001, the Metzes amended their complaint to add as a defendant Hartford Fire Insurance Company, the insurer of Trinova Corporation, Bill Metz's employer. Hartford filed for summary judgment, arguing the Metzes were not insured, because the policy specifically provided UM/UIM coverage only to Trinova employees who drive company autos and do not own their own vehicles, and Bill Metz did not fall within that category. The trial court granted summary judgment in favor of Hartford.
 {¶ 4} At a damages hearing, Bonnie was awarded $328,837.17; Bill received $40,000 and Scott received $10,000. The Metzes accepted a settlement offer of the UM/UIM policy limit of $25,000 from their own driver's insurer, Nationwide, as partial payment of their damage awards. Based upon the settlement and the grant of summary judgment, the court entered final judgment, dismissing both Nationwide and Hartford from the suit.
 {¶ 5} The Metzes now appeal that judgment setting forth a single assignment of error:
 {¶ 6} "The trial court erred in granting summary judgment to the appellee, because the Hartford policy provided uninsured motorists coverage to the Metz family."
The Metzes rely on Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660 and argue that they have UM/UIM coverage through the policy issued to Bill's employer, Trinova. Hartford contends that the Metzes are not insureds and furthermore, that it was prejudiced by lack of notice of their claim.
 {¶ 7} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts.
(1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated: "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67; Civ.R. 56(C).
Scott-Pontzer Application
 {¶ 8} In Scott-Pontzer, supra the Ohio Supreme Court found the word "you" to be "ambiguous" in a policy insuring a corporation and providing UM/UIM coverage because a corporate entity could not itself occupy or operate an automobile, nor could it suffer bodily injury or death. The word "you" was characterized as ambiguous when the only insured listed was a corporation and bodily injury coverage was referenced, since "a corporation can act only by and through real live persons." As a result, the policy providing UM coverage was interpreted to cover the corporation's employees rather than, as traditionally supposed, merely the corporation itself. See Scott-Pontzer v. LibertyMut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, 664-665. Consequently, policies with language identical to that in Scott-Pontzer must be read as covering all employees of the listed corporation as insureds for purposes of UM/UIM coverage.
 {¶ 9} Under the Hartford policy, the named insured is listed on the initial declarations page as "(A.) TRINOVA CORPORATION, ENTITIES LISTED IN SCHEDULE BELOW" and "(B.) ANY SUBSIDIARY AND SUBSIDIARY THEREOF, OF ANY CORPORATION NAMED IN (A.) ABOVE WHICH IS A LEGALLY INCORPORATED ENTITY OF WHICH THE PARENT CORPORATION WITH A FINANCIAL INTEREST OF MORE THAN 50% OF THE VOTING STOCK." "Test Systems 
Simulation, Inc." and "Aeroquip INOAC" are the only other entities included in the referenced schedule.
 {¶ 10} It is also undisputed that the Hartford policy contains the UM/UIM "you" language which was deemed ambiguous in Scott-Pontzer:
 {¶ 11} "B. WHO IS AN INSURED
 {¶ 12} "1. You.
 {¶ 13} "2. If you are an individual, any `family member.'
 {¶ 14} "3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 15} "4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another insured."
The policy defines "covered autos" for purposes of UM/UIM coverage as "OWNED `AUTOS' ONLY. Only those `autos' you own * * *."
 {¶ 16} Additionally, in Ezawa v. Yasuda Fire Marine Ins.Co. of Am. (1999), 86 Ohio St.3d 557, the Supreme Court of Ohio, without opinion, extended the Scott-Pontzer analysis to include family members of the corporation's employees. As noted, B 2 of the Hartford policy provides that "[i]f you are an individual, any `family member' "is an insured. At first blush, then, the Metzes would appear to be "insureds" by virtue of Scott-Pontzer.
 {¶ 17} Drive Other Car endorsement
 {¶ 18} The Hartford policy, however, also contains an endorsement entitled "DRIVE OTHER CAR COVERAGE-BROADENED COVERAGE FOR NAMED INDIVIDUALS" which expands liability and UM/UIM insurance coverage to employees provided with a company car. This endorsement, effective on April 1, 1996, includes a "Schedule" with the following added as "insureds": "ALL EMPLOYEES PROVIDED WITH A COMPANY CAR WHO DO NOT OWN A PRIVATE PASSENGER AUTO."
 {¶ 19} Although this court has previously held that the addition of an individual along with a corporation as a named insured does not cure the Scott-Pontzer ambiguity, we have not specifically analyzed the broadened coverage/drive other car endorsements. See Kasson v. Goodman, Lucas App. No L-01-1432, 2002-Ohio-3022; Miller v. Am. Family Ins. Co., Ottawa App. No. OT-02-011, 2002-Ohio-7309. For that reason, we distinguish those cases. Since those decisions, the Supreme Court of Ohio has certified a conflict between the Stark County Court of Appeals inBurkhart v. CNA Ins. Co., 5th Dist. No. 2001CA00265, 2002-Ohio-903 and the Summit County Court of Appeals in Westfield Ins. Co. v. Galatis
(2002), 96 Ohio St.3d 1446, 2002-Ohio-3512 on the issue of "Whether the inclusion of a `Broadened Coverage Endorsement,' adding individual named insureds to a commercial motor vehicle liability policy, eliminates any ambiguity over the use of the term `you' therein?"
 {¶ 20} The question of whether "DRIVE OTHER CAR" endorsements remove the ambiguity of Scott-Pontzer continues to divide the appellate districts. See, e.g. Heath v. Fid. Cas. Co., Summit App. No. 21221, 2003-Ohio-1303 (no ambiguity); Rice v. Buckeye State Mut. Ins.Co., Logan App. No. 8-02-24, 2003-Ohio-390 (no ambiguity); White v. Am.Mfrs. Mut. Ins. Co., Montgomery App. No 19206, 2002-Ohio-4125 (no ambiguity); Westfield Ins. Co. v. Galatis, Summit App. No. 20784,2002-Ohio-1502 (no ambiguity); Addie v. Linville, Cuyahoga App. Nos. 80547 and 80916, 2002-Ohio-5333 (continued ambiguity); Dalton v.Lumbermens Mut. Ins. Co., Stark App. No. 00198, 2003-Ohio-2897 (continued ambiguity); Moore v. Hartford Fire Ins. Co., Delaware App. No. 02CAE-10-048, 2003-Ohio-2037 (continued ambiguity).
 {¶ 21} Hartford contends that since Bill Metz was not provided with, and did not drive, a company car, he and his family members were not provided UM/UIM coverage. We agree. Upon consideration of the language of the entire policy, we conclude that the "broadened coverage" endorsement language of the Hartford policy in this case which addsindividuals and includes additional vehicles removes the Scott-Pontzer
ambiguity (i.e., the reference being solely to a corporate "you" for UM/UIM coverage). In our view, the confusion caused by the policy language in Scott-Pontzer is simply eliminated when individuals are listed and referenced under the UM/UIM coverage endorsement. It is undisputed that Mr. Metz did not drive a company auto at the time of his accident. Neither he, nor his family members, are insureds under the Hartford policy.
 {¶ 22} Since we have determined that the Metzes are not insureds, we need not examine the issue of notice to Hartford. Therefore, the trial court properly granted summary judgment since Hartford was entitled to judgment as a matter of law.
 {¶ 23} Accordingly, the Metzes' sole assignment of error is overruled.
 {¶ 24} Based upon the foregoing, we find that Ohio courts of appeal are in conflict on the issue of whether a drive other car endorsement which adds individuals as insureds for the purposes of UM/UIM coverage removes the ambiguity identified by the Supreme Court of Ohio inScott-Pontzer, supra. Therefore, pursuant to Article IV, Section 3(B)(4) of the Ohio Constitution, we hereby certify a conflict to the Supreme Court of Ohio on this issue for review and final determination. The parties are directed to S.Ct. Prac.R. IV for guidance on how to proceed.
 {¶ 25} The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellants.
 JUDGMENT AFFIRMED. Richard W. Knepper, J. and Judith Ann Lanzinger, J., CONCUR.
Arlene Singer, J., dissents.